# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CHARLES MURRAY, Individually     )
and as Special Administrator of the     )
ESTATE OF LULA ROBERTSON,     )
　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiffs,     )
　　　　vs.     )　　　Case No. 19-2148-HLT-KGG
　　　　　　　　　　　　　　　　)
MANORCARE OF TOPEKA KS,     )
LLC, *et al*.,     )
　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.     )
_____)

# MEMORANDUM & ORDER ON
# MOTION TO STRIKE COMPARATIVE FAULT DESIGNATIONS

NOW BEFORE THE COURT is the motion of Plaintiffs to strike the comparative fault designations filed by Defendants (Docs. 41, 42).  After review of the motion (Doc. 195) and Defendants' response (Doc. 197), the motion is **DENIED**.

## BACKGROUND

Plaintiff, acting for himself and the Estate of Lula Robertson, alleges Robertson died on August 28, 2018 as a result of Defendants[1] failure to adequately

---

[1] Defendants are three Delaware limited liability companies (Manorcare of Topeka KS, HCR Healthcare, and HCR Manorcare) and one Ohio corporation (ProMedica Health

staff their Topeka, Kansas nursing home.  Defendants generally deny Plaintiff's allegations.

Pursuant to the Scheduling Order entered in this case, comparative fault designations were due by December 6, 2019.  (Doc. 26.)  On that date, Defendant Manorcare of Topeka KS, LLC filed its comparative fault designation, identifying American Medical Response and Topeka Fire Department "[i]f investigation and discovery reveal negligent assessment, care and treatment of Lula Robertson from August 28, 2018, to the date of her death."  (Doc. 41.)  Also on that date, Defendants HCR Healthcare, LLC, HCR Manorcare, Inc., and Promedica Health System, Inc filed their comparative fault designation which, in relevant part, identified the same two parties with the same language.[2]  (Doc 42.)

Plaintiffs argue that the designations are improper because Defendants failed to "actually state [they] will be comparing fault against anyone, only that they might at some point in the future."  (Doc. 195, at 2.)  Plaintiffs contend that, as a result, they "continued to litigate this case of the belief that there would be no

_____

System) which, the Plaintiffs allege, owned or operated the nursing home where decedent resided.

[2] All told, Defendants' comparative fault designations identify 12 individuals/entities with the "if investigation and discovery reveal" language.  (Docs. 41, 42.)

comparative fault at issue." (*Id*., at 3.)  The Court notes that Plaintiffs did not, however, object to the comparative fault designations at the time of their filing or at any time prior to filing the present motion last week.

Defendants expert designation of Dr. Jeffrey Kerr, filed on March 2, 2022, arguably compares fault with unnamed EMS personnel.  (*See generally* Doc. 176-1.)  The report makes numerous references to apparent mistakes made by paramedics – removing the I-gel airway and leaving decedent's airway "open to free flowing emesis," failing to timely identify decedent's heart rhythm, improperly delaying the administration of epinephrine, failing to evaluate decedent's airway with a laryngoscope, and inappropriate management of decedent's airway.  (Doc. 176-1, at 10-11.)  Plaintiffs argue that the expert designation does not constitute a supplemental designation of comparative fault "as it fails to identify the purported at fault individuals or entities.  Indeed, there were multiple emergency responding entities and individuals at the August 28, 2018 scene."  (Doc. 195, at 4.)

Plaintiffs contend that they first became aware that Defendants intended to compare the fault of Scott Hunt and Malcom Gillum during the parties' mediation on June 14, 2022.  (*Id.*)  Hunt and Gillum were responding EMS paramedics to the decedent's August 28, 2018, choking event.   Plaintiffs complain that the names of Hunt and Gillum "appear nowhere in the defective designations of comparative

fault filed December 6, 2019, nor in Dr. Kerr's report." (*Id*.)  Plaintiffs argue that "[a]ny permitted comparison of fault at this stage of litigation would constitute significant prejudice to plaintiffs and undue delay in a case that has been pending since March 16, 2019." (*Id*.)  Defendants respond that the comparative fault designations are appropriate because 1) they timely identified parties with whom they intended to compare fault; they questioned Plaintiffs' experts "concerning fault and actions of paramedics" and defense expert Dr. Kerr's report "fully explained" their allegations of comparative negligence; and 3) Plaintiffs chose not to depose Dr. Kerr or identify rebuttal experts.  (*See generally* Doc. 197.)

## DISCUSSION

Under Kansas law, the issue of comparative fault is governed by K.S.A. §60-258a.  Pursuant to the concept of comparative fault, a defendant has a right to have the fault of all participants in an occurrence measured in one action, and to reduce his or her liability by the amount of fault attributable to the other participants, irrespective of whether they are joined as parties or are immune from liability." *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1496 (10th Cir.1983); *see also Lawson v. Australian Defense Indus. Ltd.*, No. 95-2322, 1996 WL 159642, at *1 (D.Kan. Apr. 4, 1996) (holding that "a party asserting a claim under the Kansas comparative-fault statute, K.S.A. 60-258a, may pursue only one action to

adjudicate the fault as to everyone whose fault might compared. Such comparison includes the fault of both parties and non-parties.").

Kansas courts interpreting the statute have held that, where the possibility exists that multiple parties are at fault for tort claims and plaintiff does not bring claims against all such parties, the party or parties sued will be responsible only for their proportionate share of damages. *Haysville U.S.D. No. 261 v. GAF Corp., et al.*, 233 Kan. 635, 666 P.2d 192, 198 (1983) (citation omitted). Thus, under Kansas law, a defendant is entitled to compare its fault to any other individual or entity potentially at fault for plaintiff's alleged damages in tort, even if that defendant "missed the court's deadline for designating parties at fault as is set out in the scheduling order." *Wheeler v. Numark Industries Co., Inc.*, No. 02-2444-CM, 2006 WL 763664, at *6 (D. Kan. March 24, 2006).

It is undisputed that Defendants filed their comparative fault designations in a timely manner. Plaintiffs argue, however, that the designations insufficiently set forth the individuals or entities whose fault was to be compared. Plaintiffs argue – and the Court agrees – that the underlying designations (Docs. 41, 42) in are improperly vague and do not "actually state" that Defendants "will be comparing fault against anyone," but rather merely indicate that they might at some point in the future." (Doc. 195, at 2.)

That stated, the Court finds that Plaintiffs last-minute objection to Defendants' comparative fault designations – raised for the first time some two and a half years after the designations and a matter of <u>weeks</u> before the Pretrial Conference – is inappropriate. *Cf.* ***Wheeler***, 2006 WL 763664, at *6. In ***Wheeler***, Defendants initially filed their motion to designate comparative fault out of time approximately a week before the Pretrial Order was entered and then filed a second motion to do so approximately four and a half months <u>after</u> the entry of the Pretrial Order. (*See* No. 02-2444-CM, Docs. 178, 179, 212.) Under those circumstances, the District Court held that even after the defendant failed to make a timely designation in accordance with the scheduling order, defendant was entitled under Kansas law to compare fault when it had "maintained comparative fault as a defense since the outset of the case." 2006 WL 763664, at *6.

Although the Court finds that Defendants' designations herein where not sufficiently informative, there is no undue prejudice to Plaintiffs by allowing Defendants' designations to stand. Plaintiffs were arguably aware that Defendants potentially intended to compare fault for **<u>the past two and a half years</u>** since the designations were filed. *See **Lee v. Kaup Kattle Company***, No. 19-2600-JAR-ADM, 2022 WL 1641380, at *10 (D. Kan. May 24, 2022) (holding that "[w]hile Defendants have not identified the [potentially comparative individual or entity] in this case, Plaintiffs have had notice and an opportunity to propound discovery as to

this theory of comparative fault for approximately one year … .").  At a minimum, Defendants expert designation of Dr. Jeffrey Kerr, filed on March 2, 2022, clearly informed Plaintiffs that Defendants intended to contend unnamed EMS personnel were negligent.  (Doc. 176-1, at 10-11.)

Again, the Court acknowledges Plaintiffs' argument that the expert designation does not constitute a supplemental designation of comparative fault "as it fails to identify the purported at fault individuals or entities."  (Doc. 195, at 4.) That stated, Plaintiffs were aware of Defendants' position regarding the potential fault of third parties and made no attempt to seek clarification, propound discovery, or move to strike the designations when Dr. Kerr's expert report was served – three and a half months before Plaintiffs filed the present motion and two and half months before the close of discovery.

Allowing Plaintiffs to sit on their objections and then strike the designations after the close of discovery would be manifestly prejudicial to Defendants and in contravention of the spirit of Fed.R.Civ.P. 1, which mandates the federal rules be "construed, administered, and employed by the court and the parties to <u>secure the just, speedy</u>, and inexpensive <u>determination of every action and proceeding</u>." (Emphasis added.)  For this reason, Plaintiffs' motion is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Strike (Doc. 195) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 28th day of June, 2022, at Wichita, Kansas.

s/ KENNETH G. GALE

HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE